IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ALLIANCE OPHTHALMOLOGY, PLLC, et al., on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| ECL GROUP, LLC, et al., | ) ) | |
| Defendants. | ) ) | 1:22-CV-296 |
| _____ | ) ) | |
| KIMBERLY FARLEY, CHAD FORRESTER, and KIMBERLY SANDVIG, on behalf of themselves and others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:22-CV-468 |
| EYE CARE LEADERS HOLDINGS, LLC., | ) ) ) | |
| Defendant. | ) | |

# ORDER

In August, the Court granted the parties' joint motion for preliminary certification of the settlement classes and preliminary approval of the settlement agreement. Doc. 71. The Court has reviewed the parties' joint motion seeking approval of a notice plan, including the proposed email and postcard notices and the draft claim form. Doc. 72. The Court has the following questions and observations:

1) Several of the documents state that the Patient Settlement Fund is to be funded by the Defendants. It seems this should be changed to reflect that the Fund is to be funded by proceeds from defendants' insurance policies. Doc. 72-2 at 1; Doc. 72-3 at 1; Doc. 72-4 at 1; Doc. 72-5 at 1.

2) Several of the documents define the Physician Class Members as anyone "who was under contract with ECL as of April 2023." But the Settlement Agreement defines it as anyone "who contracted with one or more Defendants," without specifying the April 2023 date, and "who have suffered Outages for any period of time since Jan. 1, 2019." Doc. 67-1 at 11; Doc. 72-2 at 1; Doc. 72-3 at 1-2; Doc. 72-5 at 1. Why is the definition different in the notice documents, and does this matter?

3) In the long-form notice, Doc. 72-2:

    a. The last sentence in the answer to question 7 on page 6 (about the patient class releasing claims against the physician class) should be in a separate paragraph. This is an important point that should not be buried.

    b. In answer to question 8 on pages 6, shouldn't the second sentence also say that there will be no billing credits if you are a member of the Revenue Cycle Management Class?

    c. In answer to question 9 on page 7, as to Patient Class, why does it not state explicitly that the Claims Administrator will make the final decisions about whether a claim is valid?

2

d. In answer to question 10 on page 7, can you add a one-sentence explanation of the terms of the release? It is a broad release covering everything related to the data breaches, but it does not cover unrelated claims; that seems simple enough.

e. In answer to question 12 on page 8, a class member who wants to change his mailing or email address must call or write to a physical address. Why is there no email or online option, especially given that there will be a notice website? Doc. 72-2 at 8.

f. I do not see any explanation of why this is not an opt-out class action. In answer to question 16 on page 9, or somewhere, shouldn't there be some meaningful explanation of this? This seems important.

g. The answer to question 20 on page 11 is unresponsive to the question. It asks, "May I speak at the Final Approval Hearing?," but the answer responds: "If you are a Settlement Class Member and you file an objection, you have the right, but are not required, to attend the Final Approval Hearing." It goes on to talk about attending, but never addresses whether or how to obtain the right to speak at the hearing.

4) Label the "Claim Form" as such at the top of the document. Doc. 72-6 at 1.

5) On the Claim Form instructions, Doc. 72-6 at 1, there are placeholders for key terms, like "case" and "benefit language." I assume the "case" would be shorthand for these two cases, but what does "benefit language" mean?

3

Case 1:22-cv-00296-CCE-JLW   Document 44   Filed 09/14/23   Page 3 of 4

The Court directs counsel to confer. If the Court's suggested changes and additions cause no concerns, counsel may submit a revised long-form notice and any other revised proposed documents as needed. The Court noted several grammatical errors, including lack of punctuation, in the documents, and asks the parties to proofread again before submitting the revised versions. If the parties agree a certain change or addition should not be made, they may submit a supplemental brief. If any party wishes to be heard, counsel may request a status conference through the case manager.

It is **SO ORDERED**, this the 14th day of September, 2023.

_____
UNITED STATES DISTRICT JUDGE